NIGHT BOX
FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA MAR 2 3 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

CITIZENS CONCERNED ABOUT
DISABILITY ACCESS, INC.,
a Florida not-for-profit
corporation,

      Plaintiff,

vs.

RICHARD G. ELIE, ATLANTIC
THERAPEUTICS, INC., DR.
CLIFFORD J. SHAPIRO, D.C.,
P.A., d/b/a ATLANTIC
CHIROPRACTIC CENTER,

      Defendants.
_____/

CASE NO. 00-6234-CIV-GRAHAM

MAGISTRATE: TURNOFF

**CIVIL DIVISION**

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANTS
RICHARD G. ELIE,
ATLANTIC THERAPEUTICS
AND CLIFFORD J. SHAPIRO,
D.C., P.A.'S MOTION TO
DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT**

Defendants, RICHARD G. ELIE, ATLANTIC THERAPEUTICS AND
CLIFFOD J. SHAPIRO, D.C., P.A., file this Memorandum of Law in Support of
their Motion to Dismiss and Motion For More Definite Statement, adopt their
contemporaneously and state:

## I. GENERAL BACKGROUND CONCERNING THE PLAINTIFF

### A. FORMATION OF THE N.P.O./PLAINTIFF

Citizens Concerned About Disability Access, Inc. (hereinafter "NPO") is an
organization purportedly operating under the guise of a not-for-profit organization
pursuant to the laws of the State of Florida.



On or about August 27, 1999, the NPO was formed ostensibly for the purposes of promoting access for the disabled. The principal incorporator of the company is Grisel Martinez whose daughter, a minor, Janele Martinez, is disabled.[1]

The corporation was principally created by an attorney named Robert A. Bogdan, a neighbor of the Martinez family.[2]

As complete a corporate record as possible is provided herewith as Composite Exhibit "A".

### B. ACTIONS TAKEN BY THE PLAINTIFF SINCE FORMATION

Since its inception, the NPO has filed literally 60 law suits against more than 60 small businesses in Palm Beach and Broward Counties.[3] Each suit is filed with a boiler-plate complaint and summons, and has attached to it financial discovery requests.

Only two attorney's principally represent the NPO and its incorporator(s): Lance J. Wogalter and Robert A. Bogdan. No other attorneys have ever appeared on behalf of this NPO, unless they were associates of Wogalter and Bogdan.

A list of most of the law suits filed on behalf of the NPO in the Broward and Palm Beach County areas is attached hereto as composite Exhibit "B".

---

[1] In every instance, the mother, Grisel Martinez, is the "member" of the NPO whereas Janele Martinez is painted as the "victim". Janele is not a member of the NPO. Grisel is not handicapped.

[2] The principal place of business of the NPO is 381 S.E. 1st Terrace, Pompano Beach, FL 33060. Mr. Bodgan's address is 410 S.E. 1st Terrace, Pompano Beach, FL 33060. Mr. Bogdan lives on the East side of the street, the Martinez family lives on the West side of the street. Mr. Bogdan's business address as registered with The Florida Bar is 410 S.E. 1st Terrace, Pompano Beach, FL.

[3] In one instance a tire store was sued, even though it was out of business, in another instance a massage parlor was sued, and finally, in a third instance, a liquor store was sued. None of these places were places that the minor who is wheelchair bound, had ever been to, intended to patronize, or even had been visited by her.

2

## C. EACH OF PLAINTIFF'S ACTIONS CONTAINS VAGUE ALLEGATIONS

In most law suits filed, including the instant claims, there are merely vague allegations of alleged harms to either an unnamed "member" of the organization, or an alleged "fear" of discrimination in the future is alleged; or alternatively, there are allegations that Janele Martinez was denied access.

In most cases, neither Janele Martinez, nor any member of the NPO, actually attempted access to the premises, or if they did, there is no specific allegation of the same.

## II. ALLEGATIONS IN THIS CAUSE OF ACTION

### A. Core Allegations

Plaintiff brought its cause of action pursuant to 42 U.S.C. §§12181, et seq., also referred to as Title III (the "ADA"). The complaint seeks temporary and permanent injunctive relief requiring the Defendants to make or provide handicapped parking spaces so as to make the facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA, as well as an award of attorney's fees and costs. The graveman of the complaint is that the Defendants have not provided handicapped parking which is reasonably accessible from the shortest possible distance to the public access of the property in question.

### B. Allegations Relating to Standing

At page five of its Complaint, NPO alleges it has standing for the following enumerated reasons:

3

| **Paragraph #** | **Reasons** |
|---|---|
| 18. | Plaintiff is a non-profit Florida Corporation |
| 19. | The members of this organization include individuals with disabilities as defined by the American with Disabilities Act. |
| 20. | Plaintiff brings this action on behalf of itself and its handicapped members who have disabilities as defined by the Americans With Disabilities Act. |
| 21. | This organization's purpose is to represent its members' interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. |
| 22. | Plaintiff and its members have suffered and will continue to suffer direct and indirect injury as a result of the defendant's discrimination until defendants are compelled to comply with the requirements of the Americans with Disabilities Act. |
| 23. | Plaintiff has also been discriminated against because of its association with its disabled members and their claims. |
| 24. | Plaintiff has reasonable grounds to believe that it and its members are and will continue to be subjected to discrimination in violation of the Americans with Disabilities Act by the defendants. |
| 25. | Plaintiff has handicapped members who have tried to access or who would try to access and utilize defendants' place of public accommodation but are denied full and fair access due to defendants' discrimination. |
| 26. | Plaintiff has members who intend to access defendants' place of public accommodation once defendants comply with the Americans with Disabilities Act. |
| 27. | Plaintiff has members who are handicapped who have been and are denied full and fair access to defendants' place of public accommodation by defendants' failure to provide access as mandated by the Americans with Disabilities Act or who have had their access impeded by defendants' non-compliance with the Americans with Disabilities Act. |

28.          Plaintiff's handicapped members have suffered and continue to suffer in various of their legally protected rights not to be discriminated against by any place of public accommodation by reasons of defendants' failure to remove barriers to access.

29.          The Americans with Disabilities Act was enacted to prohibit discrimination against handicapped persons such as Citizens Concerned About Disability Access, Inc.'s handicapped members. Defendants' failure to comply with the requirements of the Americans with Disabilities Act discriminates against member of Citizens Concerned About Disability Access, Inc. who reside in the geographic area proximate to defendants' facility who have had their access to defendants' facility impeded by defendants' failure to comply with the law.

30.          Defendants own, lease, lease to, or operate a place or places of public accommodation as defined by the Americans with Disabilities Act and the regulations implementing the Americans with Disabilities Act, 28 C.F.R. §36.201(a) and §36.104.

31.          Defendants are responsible for comply with the obligations of the Americans with Disabilities Act.

43.          A member[4] of Citizens Concerned About Disability Access, Inc. has visited defendants' place(s) of public accommodation for the purposes of visiting and patronizing the place(s) of public accommodation.

44.          This member of Citizens Concerned About Disability Access, Inc. and other members have visited and intend to visit and patronize defendants' place or places of public accommodation once the defendants have complied with the Americans with Disabilities Act.

45.          This member of Citizens Concerned About Disability Access, Inc. has a handicapped child who is wheelchair bound and who, like other members of Citizens Concerned About Disability Access, Inc. is disabled within the meaning of the Americans with Disabilities Act.

---

[4] Grisel Martinez is the member. Janele Martinez, the wheelchair bound minor daughter of Grisel, is not a member of the NPO.

5

46.                    This member of Citizens Concerned About Disability Access, Inc. sought access to defendants place(s) of public accommodation. However, the facilities were not readily accessible to or usable by her daughter, and due to this barrier to access she and her daughter are unable to utilize or impeded from utilizing said facilities unless and until defendants comply with the Americans with Disabilities Act.

## III. MOTION TO DISMISS

In ruling on a motion to dismiss, this Court must accept as true all material factual allegations of the Complaint and must construe the Complaint in favor of the plaintiff. Harris v. Evans, 20 F.3d 1118, 1121 n.4 (11th Cir. 1994) cert. denied., 513 U.S. 1045 (1995). Conclusory allegations, however, are not admitted as true. Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)[5] Gersten v. Rundle, 833 F. Supp. 906 (S.D. Fla. 1993) ("conclusory allegations and unwarranted deductions of fact are also not accepted as true") (citation omitted). Further, a court is not bound to accept a plaintiff's mere legal conclusions. Ellen S. v. The Florida Board of Bar Examiners, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994). Finally, "it goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirements imposed by Art. III of the Constitution by alleging an **actual** as opposed to hypothetical case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1993) (citing Flast v. Cohen, 392 U.S. 83, 94-101 (1968); Jenkins v. McKeithen, 395 U.S. 411, 421-425 (1969).

---

[5] Applicable to the 11th Circuit by virtue of Bonner v. City of Pritchard, Alabama, 661 F.2d 1206 at 1207, 1208-1209 (11th Cir. 1981).

## A. JUDICIAL ESTOPPEL

Judicial Estoppel, or Estoppel by Oath prevents and prohibits this Plaintiff from further pursuing any remedy in this case.

Plaintiff's allegation that the <u>mother</u> (Grisel Martinez) of a disabled child, who is a member of the NPO, has somehow been injured because she claims she attempted access is not sufficient. The mother is not, and does not claim to be disabled. The mother (Grisel) has simply not been discriminated against.

Further, the daughter (Janele), a minor, is not even alleged to be a member of the NPO. And there is no allegation that Janele has ever once sought access and been denied it.

Accordingly, Plaintiff is estopped from claiming standing and injury to its members.

## B. LACK OF STANDING

In <u>Sims v. Florida Department of Highway Safety & Motorvehicles</u>, 863 F.2d 1449, 1458 (11th Cir. 1989) (en banc), the Court held:

> "The question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or the particular issue"

Citing now to <u>Lujan v. Defenders of Wild Life</u>, 504 U.S. 555 (1992), the Supreme Court has explained the irreducible constitutional minimum constraints by which a litigant must be conferred standing:

(1). plaintiff must have suffered "an injury in fact"

(2) "there must be a casual connection between the injury and the conduct complained of"

(3) it must be "likely" that the injury will be "redressed by a favorable decision".

The injury must exist in fact, it must be "actual or eminent", not "conjectural" or "hypothetical". Id.

A plaintiff seeking injunctive relief based upon an alleged past wrong must demonstrate a "real or immediate threat that the plaintiff will be wronged against – a "likelihood of substantial and immediate irreparable injury." Lyons at 1670, supra. See also Atakpa v. Permiter OB-Gyn Associates, P.C., 912 F. Supp. 1566, 1573.

Courts have specifically found that neither past discrimination, nor knowledge on the part of the plaintiff that a defendant "may continue to discriminate against other disabled persons", thereby causing plaintiff "to suffer mental or psychological injury," are sufficient to withstand a motion to dismiss for lack of standing in the context of the ADA. See Hoeplf v. Barlow, 906 F. Supp. 317, 320-323 (E.D. Va. 1995) and citations therein.

The Hoepfl decision does not state that injunctive relief under the public accommodations subpart of the ADA is available to a plaintiff "who reasonable fears that she is about to be discriminated against in violation of the Act, which applies only . . . to the physical construction and alteration of public facilities. 42. U.S.C. §12188(a)(1)." Plaintiff, however, has asserted no facts which invoke the above referenced subpart. Plaintiff asserts, in fashion of legally conclusory allegations, that a non-disabled member of the NPO has suffered a harm, because she is related

to a disabled child who is not a member of the NPO.  As such, the Complaint must be dismissed with prejudice.

## C. THE NPO LACKS STANDING

The allegations made out in the complaint by the NPO are deficient for the reasons set forth in subpart B hereof.  Additionally, the NPO had not made out a prima facie case on behalf of its members because as stated in Aikins:

> An association seeking to bring suit on behalf of its members must show:
>
> (1). that its members would have standing to sue in their own right;
>
> (2). that the interests that it seeks to protect are germane to the organization's purpose; and
>
> (3). That neither the claim asserted nor the relief requested require the participation of individual members.

Plaintiff has only established, again in conclusory fashion, prongs two and three of the test.  As stated above, the member (Grisel Martinez) is not and they do not allege that she is, disabled.  The disabled "victim" (Janele), the minor daughter of the mother, is not alleged to be a member of the NPO.  As such, no member of the NPO has suffered a harm, and therefore, the first prong of the test has failed.

## D. AS AN ALTERNATIVE TO DISMISSAL, THE COMPLAINT MUST BE MORE DEFINITELY STATED FOR THE DEFENDANTS TO RESPOND IN GOOD FAITH, OR ALTERNATIVELY, TO REMEDY ANY ADA VIOLATIONS

Plaintiff fails to definitively allege any fact which demonstrates that Defendants are not in compliance with the ADA.

> A motion for more definite statement is appropriate if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed.R.Civ.P. 12(e).  Upon motion that

9

points to the defects and details desired, the Court may order the filling of a more definite statement.  In considering such a motion, the court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, pursuant to which a "short and plain statement of claim" will suffice Fed.R.Civ.P. 8(a)(2).

See <u>Betancourt v. Marine Cargo Management, Inc.</u>, 930 F. Supp. 606 (S.D. Fla. 1996).

In each count of the Complaint, Plaintiff alleges that:

| **Sub-paragraph** | **Description** |
| --- | --- |
| a. | Defendant has failed to have parking spaces in conformity with the Americans with Disabilities Act's requirements.  Defendant's facility fails to meet the required standards. |
| b. | Americans with Disabilities Act AG Sec. 4.6.1.2 (Location – Shortest Accessible Route of Travel) provides that accessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance.  In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility.  In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances.  Defendants facility fails to meet the required standard. |

In each claim, the Plaintiff fails to establish or even identify:

1. The parking facility that is adjacent to the property in question; and

2. The shortest accessible route to pedestrian traffic leading to the accessible entrances.

## E. THERE IS NO EVIDENCE THAT PLAINTIFF INVESTIGATED ITS CLAIM PRIOR TO FILING THIS LAW SUIT

The Defendants have sought, given the allegations of the complaint, to determine which parking facility adjacent to the property in question is suitable for handicapped parking, and second, the shortest accessible route to pedestrian traffic leading to the accessible entrances.

In their investigation, Defendants learned that the shortest accessible route is traffic from public parking located directly in front of the property in question. This parking facility, a part of the State of Florida's right-of-way (a part of Atlantic Boulevard), consists of parallel parking spaces provided to the general public free of charge by the State of Florida. Defendants are not permitted by law to encroach upon or alter property not owned or controlled by them. And Defendants are not authorized by law to alter or otherwise deface a public street or right-of-way.

This parallel parking is jointly maintained by the City of Pompano Beach, Florida and The Florida Department of Transportation (D.O.T.).

Had the Plaintiff investigated its claim(s), it would have learned that the parking facilities are neither owned nor controlled by any defendant, but to the contrary, by public entities who are not amenable to suit in Federal Court.

## F. CONCLUSION

For all of the reasons set forth above, the Defendants move to dismiss the instant complaint with prejudice. In the alternative, the Plaintiffs should be ordered to more definitely state how Defendants could come into compliance regarding parking facilities owned by public entities. And finally, because Plaintiffs

did not investigate their claim properly, the Defendants move to dismiss the instant complaint with prejudice and sanctions.

WHEREFORE, for the foregoing reasons, the Defendants move to dismiss the instant complaint with prejudice and award any and all such other and further relief as is consistent with the foregoing motion and memorandum of law.

HOLLAND & KNIGHT LLP
**Attorneys for Richard G. Elie, Atlantic Therapeutics, Inc.; Dr. Clifford J. Shapiro, D.C., P.A. d/b/a Atlantic Chiropractic Center**
One East Broward Boulevard, Suite 1300
PO Box 14070
Fort Lauderdale, FL 33301
(954) 525-1000
(954) 463-2030 – Fax
ccowan@hklaw.com

By: _____
     Curtis R. Cowan, For the Firm
     Florida Bar No. 500460

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 23rd day of March, 2000, a true and

correct copy of the foregoing was furnished via U.S. Mail to Lance J. Wogalter,

Esquire, Lance J. Wogalter, P.A., **Attorneys for Plaintiff**, 3712 West Hillsboro

Boulevard, Deerfield Beach, Florida 33442.

> HOLLAND & KNIGHT LLP
> **Attorneys for Richard G. Elie, Atlantic**
> **Therapeutics, Inc.; Dr. Clifford J.**
> **Shapiro, D.C., P.A. d/b/a Atlantic**
> **Chiropractic Center**
> One East Broward Boulevard, Suite 1300
> PO Box 14070
> Fort Lauderdale, FL 33301
> (954) 525-1000
> (954) 463-2030 – Fax
> ccowan@hklaw.com
>
> By: _____
> Curtis R. Cowan, For the Firm
> Florida Bar No. 500460

59771-2
FTL1 #478257 v1

Corporate Inquiry Menu

http://ccfcorp.dos.state.fl.us/cgi-bin/corpweb.exe?radCorSearch=CORICHR&Menu=COR&txtSearchString=N99000005150

1 of 1

## Florida Division of Corporations
## Public Access

**Corporate Inquiry Menu:**
Please select an inquiry type from the list below, then enter a search key in the search field. Press **SEARCH** to begin the search.

Inquiry by:

Corporation / Trademark Name

Officer / Registered Agent Name

Registered Agent Name

Trademark Owner Name

FEI Number

Document Number

Trademark Name

**Search String:**

Search        HomePage

```
2/21/00                    CORPORATE DETAIL RECORD SCREEN                4:33 PM
NUM: N99000005150 ST:FL ACTIVE/FL NON-PROF    FLD: 08/27/1999
NAME  : CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC,
PRINCIPAL: 381 S.E. 1ST TERRACE
ADDRESS     POMPANO BEACH, FL 33060
RA NAME  : BOGDAN, ROBERT A ESQ.
RA ADDR  : 410 S.E.1ST TERRACE
           POMPANO BEACH, FL 33060 US
ANN REP  : * NONE FILED *




Officers

----- THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT -----
Document Image
```

Composite Exhibit A

Corporate Inquiry Menu

http: ccfcorp.dos.state.fl.us/cgi-bin/corpweb.exe?radC...ta=N99000005150&CorishRetKey=@F@@I@I@I@@@N@N@DOMNF@

# Florida Division of Corporations Public Access

**Corporate Inquiry Menu:**
Please select an inquiry type from the list below, then enter a search key in the search field. Press **SEARCH** to begin the search.

Inquiry by:

Corporation / Trademark Name

Officer / Registered Agent Name

Registered Agent Name

Trademark Owner Name

FEI Number

Document Number

Trademark Name

**Search String:**

Search    HomePage

```
2/21/00                         4:33  PM
                OFFICER/DIRECTOR DETAIL SCREEN
CORP NUMBER: N99000005150  CORP NAME: CITIZENS CONCERNED ABOUT DISABILITY ACCE
TITLE: D   NAME: MARTINEZ, GRISEL
                 381 S.E. 1ST TERRACE
                 POMPANO BEACH, FL 33060
           NAME: PADRON, ALICIO A
                 10549 N.W. 4TH STREETT
                 PLANTATION, FL 33324
TITLE: D   NAME: PADRON, CECILIIA
                 10549 N.W. 4TH STREETT
                 PLANTATION, FL 33324

-----  THIS IS  NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT -----
Document Image
```

# N99t00005150

FILINGS, INC.   TERESA ROMAN
(Requestor's Name)

2805 LITTLE DEAL ROAD
(Address)

TALLAHASSEE, FLORIDA 32308          385-6735
(City, State, Zip)        (Phone #)

OFFICE USE ONLY

100002972751--7
-08/30/99--01001--009
****70.00   ****70.00

## CORPORATION NAME(S) & DOCUMENT NUMBER(S) (if known):

1. _Citizens concerned About Disability Access, Inc_
   (Corporation Name)                    (Document #)

2. _____
   (Corporation Name)                    (Document #)

3. _____
   (Corporation Name)                    (Document #)

4. _____
   (Corporation Name)                    (Document #)

[✓] Walk in   [ ] Pick up time _____      [ ] Certified Copy

[ ] Mail out  [ ] Will wait  [ ] Photocopy   [ ] Certificate of Status

RECEIVED
99 AUG 27 PM 3:28
DEPARTMENT OF STATE
DIVISION OF CORPORATIONS
TALLAHASSEE, FLORIDA

| NEW FILINGS | |
|---|---|
| | Profit |
| | NonProfit |
| | Limited Liability |
| | Domestication |
| | Other |

| AMENDMENTS | |
|---|---|
| | Amendment |
| | Resignation of R.A., Officer/Director |
| | Change of Registered Agent |
| | Dissolution/Withdrawal |
| | Merger |

| OTHER FILINGS | |
|---|---|
| | Annual Report |
| | Fictitious Name |
| | Name Reservation |

| REGISTRATION/ QUALIFICATION | |
|---|---|
| | Foreign |
| | Limited Partnership |
| | Reinstatement |
| | Trademark |
| | Other |

Examiner's Initials

CR2E031 (10/92)

ARTICLES OF INCORPORATION
Of
CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC.
A Corporation Not For Profit

### ARTICLE I. NAME

The name of the corporation is: Citizens Concerned About Disability Access, Inc., a corporation not for profit.

### ARTICLE II. PRINCIPAL OFFICE

The address of the corporation's principal office is: 381 S.E. 1st Terrace, City of Pompano Beach, State of Florida 33060.

### ARTICLE III. PURPOSE

This corporation is organized for the following purposes:

a. To represent the interests of those citizens who are disabled under the Americans With Disabilities Act.

b. To encourage compliance with the laws governing public access pertaining to the standards as set forth in the Americans With Disabilities Act.

### ARTICLE IV. QUALIFICATION OF MEMBERS

The members of this corporation are either disabled, as defined by the Americans With Disability Act, or those citizens who have interests in assisting those who are disabled.

### ARTICLE V. INITIAL REGISTERED OFFICE AND AGENT

The name of the initial registered agent of the corporation and address is:      Robert Anthony Bogdan, Esq
                                    410 S.E. 1st Terrace
                                    Pompano Beach, Florida 33060

### ARTICLE VI. INCORPORATOR

The name and address of the initial Incorporator signing these articles is:        Grisel Martinez
                                    381 S.E. 1st Terrace
                                    Pompano Beach, Florida 33060

1

## ARTICLE VII. INITIAL BOARD OF DIRECTORS

This corporation shall have three (3) Directors constituting the initial Board of Directors. The number of Directors may be either increased or decreased from time to time by the Bylaws but in no event shall be less than three (3). The names and addresses of the initial Board of Directors of this corporation are:

1.   Grisel Martinez
     381 S.E. 1st Terrace
     Pompano Beach, Florida 33060

2.   Alicio A. Padron
     10549 N.W. 4th Street
     Plantation, Florida 33324

3.   Cecilia Padron
     10549 N.W. 4th Street
     Plantation, Florida 33324

## ARTICLE VIII. BOARD OF DIRECTORS ELECTIONS

The Board of Directors shall be elected by the membership at each annual meeting of the members.

## ARTICLE IX. OFFICERS

The legal affairs of the corporation shall be managed by the officers who shall be elected at the annual meeting each year to serve for the ensuing year. The officers of the corporation shall serve until their respective successors in office shall be elected and duly qualified.

## ARTICLE X. REVENUE

No part of the net earnings of the corporation shall inure to the benefit of or be distributable to its members, Directors, officers or other private persons, except that the corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in Article III hereof. The corporation shall not in any way, directly or indirectly, carry on propaganda or otherwise attempt to influence legislation, or participate or intervene in any political campaign on behalf of any candidate for public office, by publishing or distributing statements or otherwise. Notwithstanding any other provisions of these Articles, the corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from Federal Income Tax under Section 501(c)(3) of the Internal Revenue Code of 1954 (or the corresponding provision of

2

any future United States Internal Revenue Law), or (b) by a corporation, contributions to which are deductible under Section 170(c)(2) of the Internal Revenue Code of 1986 (or the corresponding provision of any future United States Revenue Law).

### ARTICLE XI. DISSOLUTION

Upon the dissolution of the corporation, The Board of Directors shall, after paying or making provision for the payment of all of the liabilities of the corporation, dispose of all of the assets of the corporation exclusively for the purposes of the corporation in such manner, or to such organization or organizations organized and operated exclusively for charitable, educational, religious, or scientific purposes as shall at the time qualify as an exempt organization or organizations under Section 501(c)(3) of the Internal Revenue Code of 1986 (or the corresponding provision of any future United States Internal Revenue Law), as the Board of Directors shall determine. Any of such assets not so disposed of shall be disposed of by the Circuit Court of the County in which the principal office of the corporation is then located, exclusively for such purposes or to such organization or organizations, as said Court shall determine, which are organized and operated exclusively for such purposes.

IN WITNESS WHEREOF, the undersigned Incorporator has executed these Articles of Incorporation on the date of signing.

Dated:    August 2 4, 1999.

_____                    President_____
Grisel Martinez                            Title

3

Certificate designating place of business or domicile for the service of process within Florida, naming agent upon whom process may be served.

In compliance with Section 607.0501, Florida Statutes, the following is submitted:

First, that Citizens Concerned About Disability Access, Inc., desiring to organize or qualify under the laws of the State of Florida, has named Robert Anthony Bogdan, Esq., 410 S.E. 1st Terrace, Pompano Beach, Florida 33060, as its agent to accept service of process within Florida.

Dated:   August 2₤ , 1999.

_____
Grisel Martinez, President

Having been named to accept service of process for the above stated Corporation, at the place designated in this certificate, I hereby agree to act in this capacity.  I further agree to comply with the provisions of all Statutes relative to the proper performance of my duties, and I am familiar with and accept the obligations of my position as registered agent.

Dated:   August 2₤ , 1999.

_____
Robert Anthony Bogdan, Esq.



99 AUG 27 PM 3:00
SECRETARY OF STATE
TALLAHASSEE FLORIDA
FILED

4

# Case Selection Page

| Case Number | Title | Filing Date | Last Updated |
|---|---|---|---|
| 0:99cv07376 | Citizen Concerned v. Donovan | 10/19/99 | 02/09/00 |
| 0:99cv07414 | Citizen Concerned v. Random Stationers | 10/25/99 | 11/15/99 |
| 0:00cv06235 | Citizen Concerned v. Major | 02/16/00 | 02/17/00 |
| 9:99cv08749 | Citizen Concerned v. Weston Associates | 09/29/99 | 01/05/00 |
| 9:99cv08853 | Citizen Concerned v. Loufranks Carpet | 10/25/99 | 02/11/00 |
| 9:99cv08854 | Citizen Concerned v. Famous Industries | 10/25/99 | 01/04/00 |
| 9:99cv08855 | Citizen Concerned v. Appliance World, Inc | 10/25/99 | 01/05/00 |
| 9:99cv08856 | Citizen Concerned v. Goodyear Tire | 10/25/99 | 01/10/00 |
| 9:99cv08857 | Citizen Concerned v. Friendly Greek, Inc. | 10/25/99 | 11/03/99 |
| 9:99cv08858 | Citizen Concerned v. Hoffman | 10/25/99 | 01/19/00 |
| 9:99cv08859 | Citizen Concerned v. Gorovitz | 10/25/99 | 02/09/00 |
| 9:99cv08884 | Citizen Concerned v. Public Storage, Inc. | 10/29/99 | 02/08/00 |
| 9:99cv08885 | Citizen Concerned v. Victorious | 10/29/99 | 01/26/00 |
| 9:99cv08887 | Citizen Concerned v. Mandel | 10/29/99 | 01/10/00 |

**There were   14   matching case records found.**

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/02/2000 08:44:45 | | |
| **PACER Login:** re0080 | **Client Code:** | |
| **Description:** case select | **Search Criteria:** | CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC. |
| **Billable Pages:** 1 | **Cost:** | 0.07 |

Composite Exhibit B

# Case Selection Page

| Case Number | Title | Filing Date | Last Updated |
|---|---|---|---|
| 0:99cv07375 | Citizens Concerned v. Marketing Magic, Inc | 10/19/99 | 01/27/00 |
| 0:99cv07377 | Citizens Concerned v. Sony Electronics | 10/19/99 | 01/06/00 |
| 0:99cv07378 | Citizens Concerned v. Sun International | 10/19/99 | 01/03/00 |
| 0:99cv07379 | Citizens Concerned v. Makled | 10/19/99 | 01/12/00 |
| 0:99cv07383 | Citizens Concerned v. TAY Tools, Inc. | 10/20/99 | 11/15/99 |
| 0:99cv07415 | Citizens Concerned v. Anglia Jacs and Co. | 10/25/99 | 12/06/99 |
| 0:00cv06194 | Citizens Concerned v. Investment Income | 02/16/00 | 02/17/00 |
| 0:00cv06230 | Citizens Concerned v. Sam's Canvas | 02/16/00 | 02/17/00 |
| 0:00cv06231 | Citizens Concerned v. Bodmer | 02/16/00 | 02/17/00 |
| 0:00cv06232 | Citizens Concerned v. Brazilian Tropicana | 02/16/00 | 02/17/00 |
| 0:00cv06233 | Citizens Concerned v. Insurance Lady, Inc. | 02/16/00 | 02/17/00 |
| 0:00cv06234 | Citizens Concerned v. Elie | 02/16/00 | 02/17/00 |
| 0:00cv06252 | Citizens Concerned v. Singh | 02/22/00 | 02/22/00 |
| 0:00cv06253 | Citizens Concerned v. Indian Kitchen, Inc. | 02/22/00 | 02/23/00 |
| 0:00cv06254 | Citizens Concerned v. Sara David Realty | 02/22/00 | 02/24/00 |
| 0:00cv06255 | Citizens Concerned v. Lick-It, Inc. | 02/22/00 | 02/22/00 |
| 0:00cv06256 | Citizens Concerned v. Computer Diagnostic | 02/22/00 | 02/22/00 |
| 0:00cv06257 | Citizens Concerned v. Boone and Davis, P.A | 02/22/00 | 02/23/00 |
| 0:00cv06258 | Citizens Concerned v. Bernard's Carpet | 02/22/00 | 02/23/00 |
| 0:00cv06260 | Citizens Concerned v. Beard | 02/22/00 | 02/22/00 |
| 0:00cv06280 | Citizens Concerned v. American Global | 02/25/00 | 02/25/00 |
| 0:00cv06281 | Citizens Concerned v. Trinamerican | 02/25/00 | 02/28/00 |
| 0:00cv06282 | Citizens Concerned v. Leeds | 02/25/00 | 02/28/00 |
| 0:00cv06283 | Citizens Concerned v. Aztec Restaurant | 02/25/00 | 02/28/00 |

| | | | |
|---|---|---|---|
| 0:00cv06284 | Citizens Concerned v. Blade & Blade, P.A. | 02/25/00 | 02/28/00 |
| 0:00cv06285 | Citizens Concerned v. Hamill's Home | 02/25/00 | 02/25/00 |
| 0:00cv06288 | Citizens Concerned v. Olympia Flame Diner | 02/25/00 | 02/28/00 |
| 9:99cv08748 | Citizens Concerned v. Steve Moore | 09/29/99 | 01/05/00 |
| 9:99cv08781 | Citizens Concerned v. Tandy Corporation | 10/12/99 | 12/13/99 |
| 9:99cv08782 | Citizens Concerned v. Pioneer Pest Control | 10/12/99 | 01/28/00 |
| 9:99cv08783 | Citizens Concerned v. Sherwin-Williams | 10/12/99 | 12/29/99 |
| 9:99cv08784 | Citizens Concerned v. Printer's Fair, Inc. | 10/12/99 | 11/23/99 |
| 9:99cv08785 | Citizens Concerned v. Atlantic Pool | 10/12/99 | 12/15/99 |
| 9:99cv08810 | Citizens Concerned v. Mil-Lake Corporation | 10/19/99 | 01/24/00 |
| 9:99cv08811 | Citizens Concerned v. Baseball Dugout, Inc | 10/19/99 | 02/29/00 |
| 9:99cv08812 | Citizens Concerned v. PT, Incorporated | 10/19/99 | 01/05/00 |
| 9:99cv08813 | Citizens Concerned v. Bob Montgomery Real | 10/19/99 | 12/28/99 |
| 9:99cv08814 | Citizens Concerned v. Oak Tree Motors, Inc | 10/19/99 | 01/26/00 |
| 9:99cv08815 | Citizens Concerned v. Martha A. Gottfried | 10/19/99 | 01/05/00 |
| 9:99cv08816 | Citizens Concerned v. Lantana Liquors, Inc | 10/19/99 | 12/20/99 |
| 9:99cv08817 | Citizens Concerned v. Buwalda | 10/19/99 | 02/11/00 |
| 9:99cv08829 | Citizens Concerned v. NRM, Inc. | 10/20/99 | 01/05/00 |
| 9:99cv08830 | Citizens Concerned v. Isabell Realty | 10/20/99 | 11/03/99 |
| 9:99cv08860 | Citizens Concerned v. Taylor | 10/25/99 | 11/03/99 |
| 9:99cv08886 | Citizens Concerned v. Jist Dome, Inc. | 10/29/99 | 12/14/99 |

**There were  45  matching case records found.**

http://pacer.flsd.uscourts.gov/dc/cgi-bin...20/      'JT°o20DISABILITY°o20ACCESS°o2c°o20INC°o2c

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/02/2000 08:46:41 | | |
| **PACER Login:** re0080 | **Client Code:** | |
| **Description:** case select | **Search Criteria:** | CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC. |
| **Billable Pages:** 1 | **Cost:** | 0.07 |

# Case Selection Page

| Case Number | Title | Filing Date | Last Updated |
|---|---|---|---|
| 0:99cv07375 | Citizens Concerned v. Marketing Magic, Inc | 10/19/99 | 01/27/00 |
| 0:99cv07377 | Citizens Concerned v. Sony Electronics | 10/19/99 | 01/06/00 |
| 0:99cv07378 | Citizens Concerned v. Sun International | 10/19/99 | 01/03/00 |
| 0:99cv07379 | Citizens Concerned v. Makled | 10/19/99 | 01/12/00 |
| 0:99cv07383 | Citizens Concerned v. TAY Tools, Inc. | 10/20/99 | 11/15/99 |
| 0:99cv07415 | Citizens Concerned v. Anglia Jacs and Co. | 10/25/99 | 12/06/99 |
| 0:00cv06194 | Citizens Concerned v. Investment Income | 02/16/00 | 02/17/00 |
| 0:00cv06230 | Citizens Concerned v. Sam's Canvas | 02/16/00 | 02/17/00 |
| 0:00cv06231 | Citizens Concerned v. Bodmer | 02/16/00 | 02/17/00 |
| 0:00cv06232 | Citizens Concerned v. Brazilian Tropicana | 02/16/00 | 02/17/00 |
| 0:00cv06233 | Citizens Concerned v. Insurance Lady, Inc. | 02/16/00 | 02/17/00 |
| 0:00cv06234 | Citizens Concerned v. Elie | 02/16/00 | 02/17/00 |
| 9:99cv08748 | Citizens Concerned v. Steve Moore | 09/29/99 | 01/05/00 |
| 9:99cv08781 | Citizens Concerned v. Tandy Corporation | 10/12/99 | 12/13/99 |
| 9:99cv08782 | Citizens Concerned v. Pioneer Pest Control | 10/12/99 | 01/28/00 |
| 9:99cv08783 | Citizens Concerned v. Sherwin-Williams | 10/12/99 | 12/29/99 |
| 9:99cv08784 | Citizens Concerned v. Printer's Fair, Inc. | 10/12/99 | 11/23/99 |
| 9:99cv08785 | Citizens Concerned v. Atlantic Pool | 10/12/99 | 12/15/99 |
| 9:99cv08810 | Citizens Concerned v. Mil-Lake Corporation | 10/19/99 | 01/24/00 |
| 9:99cv08811 | Citizens Concerned v. Baseball Dugout, Inc | 10/19/99 | 02/15/00 |
| 9:99cv08812 | Citizens Concerned v. PT, Incorporated | 10/19/99 | 01/05/00 |
| 9:99cv08813 | Citizens Concerned v. Bob Montgomery Real | 10/19/99 | 12/28/99 |
| 9:99cv08814 | Citizens Concerned v. Oak Tree Motors, Inc | 10/19/99 | 01/26/00 |
| 9:99cv08815 | Citizens Concerned v. Martha A. Gottfried | 10/19/99 | 01/05/00 |

Case Selection Page                              http://pacer.flsd.uscourts.gov/dc/cgi-bin    00951172143&party=CITIZENS%20CONCERNED

| | | | |
|---|---|---|---|
| 9:99cv08816 | Citizens Concerned v. Lantana Liquors, Inc | 10/19/99 | 12/20/99 |
| 9:99cv08817 | Citizens Concerned v. Buwalda | 10/19/99 | 02/11/00 |
| 9:99cv08829 | Citizens Concerned v. NRM, Inc. | 10/20/99 | 01/05/00 |
| 9:99cv08830 | Citizens Concerned v. Isabell Realty | 10/20/99 | 11/03/99 |
| 9:99cv08860 | Citizens Concerned v. Taylor | 10/25/99 | 11/03/99 |
| 9:99cv08886 | Citizens Concerned v. Jist Dome, Inc. | 10/29/99 | 12/14/99 |

**There were   30   matching case records found.**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/21/2000 17:59:34 | | | |
| **PACER Login:** | re0080 | **Client Code:** | Elie |
| **Description:** | case select | **Search Criteria:** | CITIZENS CONCERNED |
| **Billable Pages:** | 1 | **Cost:** | 0.07 |

# Case Selection Page

| Case Number | Title | Filing Date | Last Updated |
|---|---|---|---|
| 0:99cv07376 | Citizen Concerned v. Donovan | 10/19/99 | 02/09/00 |
| 0:99cv07414 | Citizen Concerned v. Random Stationers | 10/25/99 | 11/15/99 |
| 0:00cv06235 | Citizen Concerned v. Major | 02/16/00 | 02/17/00 |
| 9:99cv08749 | Citizen Concerned v. Weston Associates | 09/29/99 | 01/05/00 |
| 9:99cv08853 | Citizen Concerned v. Loufranks Carpet | 10/25/99 | 02/11/00 |
| 9:99cv08854 | Citizen Concerned v. Famous Industries | 10/25/99 | 01/04/00 |
| 9:99cv08855 | Citizen Concerned v. Appliance World, Inc | 10/25/99 | 01/05/00 |
| 9:99cv08856 | Citizen Concerned v. Goodyear Tire | 10/25/99 | 01/10/00 |
| 9:99cv08857 | Citizen Concerned v. Friendly Greek, Inc. | 10/25/99 | 11/03/99 |
| 9:99cv08858 | Citizen Concerned v. Hoffman | 10/25/99 | 01/19/00 |
| 9:99cv08859 | Citizen Concerned v. Gorovitz | 10/25/99 | 02/09/00 |
| 9:99cv08884 | Citizen Concerned v. Public Storage, Inc. | 10/29/99 | 02/08/00 |
| 9:99cv08885 | Citizen Concerned v. Victorious | 10/29/99 | 01/26/00 |
| 9:99cv08887 | Citizen Concerned v. Mandel | 10/29/99 | 01/10/00 |

**There were   14   matching case records found.**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/21/2000 17:35:28 | | | |
| **PACER Login:** | re0080 | **Client Code:** | Elie |
| **Description:** | case select | **Search Criteria:** | CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC. |
| **Billable Pages:** | 1 | **Cost:** | 0.07 |