UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA




CASE NO. 00-6234-CIV-(GRAHAM/Turnoff)

Citizens Concerned About
Disability Access, Inc., a
Florida not-for-profit
corporation,

    Plaintiff,

vs.

Richard G. Elie; Atlantic
Therapeutics, Inc.; Dr.
Clifford J. Shapiro, D.C., P.A.
d/b/a Atlantic Chiropractic
Center,

    Defendants.
_____/

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Defendants, Richard G. Elie; Atlantic Therapeutics, Inc.; Dr. Clifford J. Shapiro, D.C., P.A., d/b/a Atlantic Chiropractic Center, file their Reply Memorandum in Support of Motion to Dismiss and state:

### I.   Introduction

On February 16, 2000, Plaintiff filed a Complaint alleging in paragraphs 59, 60 and 60[1] the following:

    a.   Defendant has failed to have parking spaces in conformity with the Americans with Disabilities Act's

---

[1] There is a handicapped parking space directly behind the building in issue. It is one of only six parking spaces available. There is no allegation anywhere that this space is not in conformity, or if it is not in conformity, why it is not in conformity.

requirements. <u>Defendant's facility fails to meet the required standards</u>. (emphasis supplied).

    b. Americans with Disabilities Act AG Section 4.6.1.2 (Location – Shortest Accessible Route of Travel) provides that accessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances. <u>Defendant's facility fails to meet the required standard</u>. (emphasis supplied).

    c. Americans with Disabilities Act AG Section 4.6.3 (Parking Spaces) provides that accessible parking spaces shall be at least 96 in (2440 mm) (8 feet) wide. Parking access aisles shall be part of an accessible route to the building or facility entrance and shall comply with Americans with Disabilities Act AG Section 4.3. Two accessible parking spaces may share a common access aisle. Parked vehicle overhangs shall not reduce the clear width of an accessible route. Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (25) in all directions. An essential consideration for any aisle is having the access aisle level with the parking space. Since a person with a disability, using a lift or ramp, must maneuver within the access aisle, the aisle cannot include a ramp or sloped area. This access aisle must be connected to an accessible route to the appropriate accessible entrance of a building or facility. The parking access aisle must either blend with the accessible route or have a curb ramp complying with Americans with Disabilities Act AG Section 4.7. Such a curb ramp opening must be located within the access aisle boundaries, not within the parking space boundaries. It is improper if facilities are designed with a ramp that is blocked when any vehicle parks in the accessible space. Also the required dimensions of the access aisle cannot be restricted by planters, curbs or wheel stops. <u>Defendant's facility fails to meet the required standard</u>. (emphasis supplied).

2

  d. Americans with Disabilities Act AG Section 4.6.4 (signage) provides that accessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility (see Americans with Disabilities Act AG Section 4.30.7). Spaces complying with Americans with Disabilities Act AG Section 4.1.2(5)(b) shall have an additional sign "Van-Accessible" mounted below the symbol of accessibility. Such signs shall be located so they cannot be obscured by a vehicle parked in the space. <u>Defendant's facility fails to meet the required standard</u>. (emphasis supplied).

  e. Americans with Disabilities Act AG Section 4.1.2(5)(a) provides that if parking spaces are provided for self-parking by employees or visitors, or both, then accessible spaces complying with Americans with Disabilities Act AG Section 4.6 shall be provided in each such parking area in conformance with the table below. Spaces required by the table need not be provided in the particular lot. They may be provided in a different location if equivalent or greater accessibility, in terms of distances from an accessible entrance, cost and convenience is ensured.

| | |
|---|---|
| 1 to 25 | 1 space |
| 26 to 50 | 2 spaces |
| 51 to 75 | 3 spaces |
| 76 to 100 | 4 spaces |
| 101 to 150 | 5 spaces |
| 151 to 200 | 6 spaces |
| 201 to 300 | 7 spaces |
| 301 to 400 | 8 spaces |
| 401 to 500 | 9 spaces |
| 501 to 1,000 | 2 percent of total |
| 1,001 to over | 20, plus 1 for each 100 over 1,000 |

<u>Defendant's facility fails to meet the required standard</u>. (emphasis supplied).

  f. Americans with Disabilities Act AG Section 4.1.2(5)(b) further provides that one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) (8 feet) wide minimum (or be of the "Universal Parking Design" allowed by Appendix A 4.6.3) and shall be designated "van accessible" as

required by the Americans with Disabilities Act AG Section 4.6.4. Their vertical clearance at such spaces shall comply with Americans with Disabilities Act AG Section 4.6.5. All such spaces may be grouped on one level of a parking structure. <u>Defendant's facility fails to meet the required standard</u>. (emphasis supplied).

    g.    The discriminatory violations described above are not an exclusive list of the Defendant's Americans with Disabilities Act violations. Plaintiff requires an inspection of the Defendant's place(s) of public accommodation in order to determine all of the discriminatory acts violating the Americans with Disabilities Act.

    h.    The correction of these violations of the Americans with Disabilities Act is readily achievable or the Defendant is obligated to have its place(s) of accommodation readily accessible as defined by the Americans with Disabilities Act.

    i.    Plaintiff seeks the relief set forth below in the prayer for relief.

In each instance, the Plaintiff utterly <u>fails</u> to identify how the Defendants are in violation of the Americans with Disabilities Act other than to allege in <u>conclusory fashion</u>: <u>Defendant's facility fails to meet the required standards</u>. (emphasis supplied).

See ¶¶ 59(a) – (f), 60(a) – (f). There is no allegation as to:

1.    Shortest Accessible Route: Plaintiff fails to allege what the shortest accessible route would be (¶¶59, 60 and 61(b));

2.    Spaces shall be at least 8 feet wide; Plaintiff fails to allege that the spaces are not 8 feet wide (¶¶ 59 – 61(c));

3.    Signage: Plaintiff fails to allege how the spaces do not meet the signage requirements (¶¶ 59 – 61(d));

4

4.  Parking Space Numbers: Plaintiff fails to allege how there are not enough parking spaces made available pursuant to the table set forth (¶¶59 – 61(e)); and

5.  Access Aisle: Plaintiff utterly fails to establish what the Universal Parking Design is, does not attach Appendix A4.6.3, and does not identify how such an aisle can be placed, assuming it is required in the first place, and doesn't even allege the non-existence of such an aisle (¶¶59 – 61(f)).

All Plaintiff has done, throughout its 22 page Complaint, is allege in conclusory fashion that the parking facilities are not in compliance with the Americans with Disabilities Act. Although the Defendants believe that their parking facilities are in compliance with the Americans with Disabilities Act, the Complaint does not place Defendants on notice as to how they are in violation so that Defendants could correct the parking facilities. In fact, because Defendants' rear parking is in compliance and because Exhibit 1 to the Complaint is a picture of the front of Defendants' premises, Defendants assumed that they were being sued for failure to provide handicapped parking on a public highway. The Complaint is simply too vague at best.

## II.   Plaintiff's Claims Cannot Stand on Their Own

A complaint cannot stand, against a motion to dismiss, if there are no well-pleaded allegations. Fed.R.Civ.P. 8 and 12(b). See Memorandum of Law previously filed in support of dismissal with prejudice.

5

It is simply insufficient, as a matter of law, to walk up and sue someone merely alleging that they are not in compliance with the law, without stating in certain and distinct terms, how or why they are not in compliance. These are called "grounds." Plaintiff cites *Conley v. Gibson*, 335 U.S. 41 (1957) for the proposition that a complaint need only include a short, plain statement of the claim that will:

a.    Give defendant fair notice of what plaintiff's claim is; and

b.    The grounds upon which it rests.

Plaintiff has only supplied the first prong of this test: It's a claim under the Americans with Disabilities Act, but Plaintiff does not state the grounds upon which it rests.

Plaintiff in conclusory fashion simply states the statutory claim, and then as grounds alleges that Defendants facility fails to meet the required standards. (emphasis supplied). The fact is that Plaintiff cannot state how Defendants are not in compliance with the Americans with Disabilities Act because they are in compliance with the Americans with Disabilities Act.

The word "Grounds" using its best definition means in its ordinary course and usage: "the foundation or basis on which a belief or action rests."[2]

More to the point, for example, Plaintiff seeks an injunction against the Defendants, even though Plaintiff has utterly failed to identify with specificity, in conformance with the 5th Amendment's Due Process requirements, what specific actions this Court should take to enjoin, and what specific violations of the

---

[2] Random House College Dictionary (Rev. Ed. 1975).

6

Americans with Disabilities Act must be enjoined.[3] An injunction is in essence a private statute which must be specific and definite in order to obtain obedience to it in conformity with the 5th Amendment of the United States Constitution. *International Longshoremen's Ass'n Local 1291 v. Philadelphia Marine Trade Ass'n.*, 389 U.S. 64 (1967) ("The most fundamental postulates of our legal order forbid the imposition of a penalty for disobeying a command that defies comprehension"); *Schmidt v. Lessard,* 414 U.S. 473 (1974) ("Basic fairness requires that those enjoined receive <u>explicit notice</u> [e.s.] of precisely what conduct is outlawed").

Plaintiff's claims are woefully inadequate in that they simply fail to state any reasonable <u>grounds</u> upon which relief could be granted. The Complaint does not give explicit notice as to what actions Defendants must take to comply with any proposed injunction.

### III.   The Allegations as to Standing

In paragraph 45 of the Complaint, Plaintiff alleges "this member of Citizens Concerned About Disability Access, Inc. has a handicapped child who is wheelchair bound and who, like other members of Citizens Concerned About Disability Access, Inc., is disabled within the meaning of the Americans with Disabilities Act."

First, clearly, Plaintiff alleged that the mother visited the premises, not the daughter, and there is no allegation that the daughter was with the mother at the

---

[3] See ¶62 b. where plaintiff prays that the court issue a temporary and permanent injunction.

7

time or would have been with the mother at the time the mother visited the premises. The mother is not disabled and did not suffer any discrimination.[4]

Finally, there is no allegation that the child is a member of the Plaintiff's organization. At least not in the Complaint, or that she was adversely affected in any way other than her mother was allegedly discriminated against.

## Conclusion

Plaintiff's Complaint should be dismissed with prejudice. Alternatively, Plaintiff should be ordered to state with specificity what **grounds** exist to bring suit against these Defendants other than blanket assertions that they are not in compliance with the law.

WE HEREBY CERTIFY that on this 12th day of April, 2000, a true and correct copy of the foregoing was furnished via U.S. Mail to Lance J. Wogalter, Esquire, Lance J. Wogalter, P.A., **Attorneys for Plaintiff**, 3712 West Hillsboro Boulevard, Deerfield Beach, Florida 33442.

> HOLLAND & KNIGHT LLP
> **Attorneys for Atlantic Therapeutics, Inc.; Dr. Clifford J. Shapiro, D.C., P.A. d/b/a Atlantic Chiropractic Center**
> PO Box 14070
> Fort Lauderdale, FL  33301
> (954) 525-1000
> ccowan@hklaw.com
>
> By: _____
> Curtis R. Cowan, For the Firm
> Florida Bar No. 500460

59771-2/FTL1 #482816 v1

---

[4] It appears that the mother was simply shopping around for another lawsuit to file on behalf of the Plaintiff.

8