UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6234-CIV-(GRAHAM/Turnoff)

Citizens Concerned About
Disability Access, Inc., a
Florida not-for-profit
corporation,

    Plaintiff,

vs.

Richard G. Elie; Atlantic
Therapeutics, Inc.; Dr.
Clifford J. Shapiro, D.C., P.A.
d/b/a Atlantic Chiropractic
Center,

    Defendants.
_____/

### DEFENDANTS' NOTICE OF PENDENCY OF OTHER ACTIONS, AND MOTION TO COMPEL PLAINTIFF TO COMPLY WITH LOCAL RULES 3.9C AND D REGARDING DISCLOSURE OF SIMILAR CASES

Defendants, RICHARD G. ELIE, ATLANTIC THERAPEUTICS, INC., DR. CLIFFORD J. SHAPIRO, D.C., P.A., d/b/a ATLANTIC CHIROPRACTIC CENTER, file this, their Local Rule 3.9D Notice of Pendency of Other Actions and Motion to Compel Plaintiff to Comply with Local Rule 3.9C and D Regarding Disclosure of Similar Cases and state:

    1.    This cause was filed on or about February 16, 2000.

    2.    Both prior to and subsequent to the filing of this cause, Plaintiff has filed literally seventy plus actions sounding in similar or nearly similar claims under the Americans With Disabilities Act ("ADA"). Many of such actions are against merchants



and shopkeepers neighboring the Defendants in this case; many appear to be complaints filed with nearly similar if not identical allegations of material fact.

3. Local Rule 3.9C provides in pertinent part:

Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier action or proceeding is assigned.

4. Local Rule 3.9D requires the attorneys to bring promptly to the Court's attention the existence of all other actions described in Local Rule 3.9C.

5. It is apparent to the Defendants that at a minimum the following actions have been filed against adjoining or adjacent property owners, merchants or shop keeps:

| **Case Style** | **Case No.** |
| --- | --- |
| Citizens Concerned v. Bodmer | 00-CV-06231 |
| Citizens Concerned v. Insurance Lady | 00-CV-06233 |
| Citizens Concerned v. Elie | 00-CV-06234 |
| Citizens Concerned v. Major | 00-CV-06235 |

6. However, there appear to be an additional 73 other actions filed by Plaintiffs against other property owners, merchants or shop keeps, also adjacent or adjoining one another, but not necessarily adjacent to these Defendants.

7. Each one of the actions claim some ADA violation which appears to be related in fact or at least alleged by the identical victim(s).

8. Because of the similarity of claims, and the similarity of alleged denials of access and alleged discrimination, apparently against the same person or persons, it is best to compel the Plaintiff to disclose the name, address, and claim against each person or persons sued by the Plaintiff within the last year and require a disclosure of the disposition of each case. This way all related cases can be reassigned to one judge, the one having the lowest case number, for disposition.

9. The intent and purpose behind Local Rule 3.9 C is facially obvious. If there is a plaintiff claiming discrimination against numerous persons in several law suits, by requiring all of the matters to be litigated by numerous judges, each judge would have to become acquainted or reacquainted with the background and facts in order to fully understand the claims and defenses being presented to the court. This unnecessarily creates an undue burden on the Court's already burdened resources.

10. The purpose, intent and spirit of Local Rule 3.9 C would be best suited by compelled compliance with the Rule by the Plaintiff such that the Court may determine how best to address the flood of litigation emanating from the Plaintiff.

WHEREFORE, the Defendants pray that this Court require the Plaintiff to fully disclose all related cases pursuant to Local Rule 3.9C so that this Court can properly assign all of those cases to one judge for disposition.

WE HEREBY CERTIFY that on this 2nd day of May, 2000, a true and correct copy of the foregoing was furnished via U.S. Mail to Lance J. Wogalter, Esquire, Lance J. Wogalter, P.A., **Attorneys for Plaintiff**, 3712 West Hillsboro Boulevard, Deerfield Beach, Florida 33442.

> HOLLAND & KNIGHT LLP
> **Attorneys for Atlantic Therapeutics, Inc.; Dr. Clifford J. Shapiro, D.C., P.A. d/b/a Atlantic Chiropractic Center**
> One East Broward Boulevard, Suite 1300
> PO Box 14070
> Fort Lauderdale, FL  33301
> (954) 525-1000
> (954) 463-2030 – Fax
> ccowan@hklaw.com
>
> By: _Curtis R. Cowan_
> Curtis R. Cowan, For the Firm
> Florida Bar No. 500460

59771-2
FTL1 #486842 v1