UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC., a Florida not-for-profit corporation; | Case No. 00-6234-CIV-GRAHAM/TURNOFF |
| Plaintiff, | CIVIL DIVISION |
| v. | PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL REGARDING LOCAL RULE 3.9 |
| RICHARD G. ELIE; ATLANTIC THERAPEUTICS, INC.; DR. CLIFFORD J. SHAPIRO, D.C., P.A. d/b/a ATLANTIC CHIROPRACTIC CENTER, | |
| Defendants. | |

NOW INTO COURT, through undersigned counsel, come the plaintiff and responds to defendants' motion[1] suggesting that certain disclosures be made pursuant to Local Rule 3.9. Defendants suggest that plaintiff should have reported that plaintiff has filed other cases which have sought remedy for violations of Title III of the Americans with Disabilities Act.

First, the undersigned wishes to advise the Court that he does not believe that Local Rule 3.9 is applicable to this case and the other cases filed by plaintiff. However, if his reading of the local

---

[1] See, Defendants' Notice of Pendency of Other Actions, and Motion to Compel Plaintiff to Comply with Local Rules 3.9c and D Regarding Disclosure of Similar Cases.

1

rule is incorrect in the Court's estimation, then he apologizes to the Court and will gladly do as directed by the Court.

Local Rule 3.9(C) provides:

> Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned.

In the present case, the subject matter of this action is whether defendants' place(s) of public accommodation (all located in a single plaza) should be required to comply with the barrier removal requirements of the ADA. The other litigation filed by plaintiff has no connection whatsoever to the places of public accommodation at issue in the instant case – the other properties at issue are not physically at the same location, nor owned, operated, leased by, or leased to the same persons. Additionally, the specific architectural modifications required at different physical locations will necessarily be different for each location.

For these same reasons, neither do plaintiffs believe that unnecessary duplication of judicial labor will ensue because the cases are before different judges. Each case involves different places of public accommodation. What modifications are readily achievable at different places of public accommodation unrelated to the property at issue in this case will require an individualized look at each property separately, as well as the individual resources of the parties involved. Similarly, in looking at the ADA's requirements for new structures and remodeled portions of structures, each place of public accommodation must be looked at individually.

In any event, the cases filed by plaintiff have all been in the Southern District of Florida and are a matter of public record. They are as follows:

>AMERICAN GLOBAL BUSINESS, INC., CASE NO. 00-6280 CIV-FERGUSON;
>
>ANGLIA JACS & CO., INC., CASE NO. 99-7415-CIV-HURLEY;
>
>APPLIANCE WORLD, INC., CASE NO. 99-08855-CIV-RYSKAMP;
>
>ATLANTIC POOL MAINTENANCE, INC., CASE NO. 99-8785-CIV-RYSKAMP;
>
>AZTEC RESTAURANT CORPORATION, CASE NO. 00-6283 CIV-HURLEY;
>
>BANKATLANTIC, CASE NO. 99-8818-CIV-RYSKAMP;
>
>BASEBALL DUGOUT, INC., CASE NO. 99-8111-CIV-HURLEY;
>
>BEARD, CASE NO. 00-6260 CIV-GRAHAM;
>
>BERNARD'S CARPET & TILE, INC., CASE NO. 00-6258 CIV-DAVIS;
>
>BLADE & BLADE, P.A., CASE NO.00-6284 CIV-FERGUSON;
>
>BOB MONTGOMERY REAL ESTATE, INC., CASE NO. 99-8813-CIV-RYSKAMP;
>
>BODMER, CASE NO. 00-6231-CIV-GRAHAM;
>
>BOONE & DAVIS, P.A., CASE NO. 00-6257 CIV-FERGUSON;
>
>BRAZILIAN TROPICANA RESTAURANT, CASE NO. 00-6232-CIV-FERGUSON;
>
>BUDGET RENT-A-CAR, INC.; CASE NO.;
>
>BUWALDA, CASE NO. 99-8817-CIV-MOORE;
>
>C.B. SINGH, M.D., P.A., CASE NO. 00-6252 CIV-GRAHAM;

*CAMPBELL PROPERTY MANAGEMENT AND REAL ESTATE, INC., CASE NO.00-6570 CIV. MIDDLEBROOKS;*

*COMPUTER DIAGNOSTIC CENTER, INC., CASE NO. 00-6256 CIV-ZLOCH;*

*DEERFIELD MEATS, INC., CASE NO. 00-6571 CIV. HURLEY;*

*DONOVAN, CASE NO. 99-7376-CIV-DIMITROULEAS;*

*ELIE, CASE NO. 00-6234-GRAHAM);*

*FAMOUS INDUSTRIES, INC., CASE NO. 99-08854-CIV-FERGUSON;*

*FRIENDLY GREEK, INC., CASE NO. 99-8857-CIV-HURLEY;*

*GOODYEAR TIRE & RUBBER CO., CASE NO. 99-8856-CIV-MIDDLEBROOKS;*

*GOROVITZ, CASE NO. 99-8859-CIV-MIDDLEBROOKS;*

*HAMILL'S HOME & AUTO SUPPLY, INC., CASE NO. 00-6285-CIV-GOLD;*

*HENRY CLEANERS, INC., CASE NO. 00-6569 CIV. UNGARO-BENAGES;*

*HOFFMAN COMMERCIAL GROUP, INC., CASE NO. 99-8858-CIV-RYSKAMP;*

*INDIAN KITCHEN, INC., CASE NO. 00-6253-CIV-LENARD;*

*INSURANCE LADY, INC., CASE NO. 00-6233-CIV-SEITZ;*

*INVESTMENT INCOME PROPERTIES OF AMERICA, INC., CASE NO. 00-6194-CIV-GRAHAM;*

*ISABELL REALTY & MANAGEMENT CO., INC.,CASE NO. 99-8830-CIV-HURLEY;*

*JIST DOME, INC., CASE NO. 99-888 -CIV-HURLEY;*

*LANTANA LIQUORS, INC., CASE NO. 99-8816-CIV-RYSKAMP;*

*LEEDS, CASE NO. 00-6194-CIV-GRAHAM;*

*LICK-IT, INC.; CASE NO. 00-6255 CIV-ZLOCH;*

*LOUFRANKS CARPET DEPOT, INC., CASE NO. 99-8853-CIV-MIDDLEBROOKS;*

*MAJOR, CASE NO. 00-6235-CIV-UNGARO BENAGES;*

*MAKLED, CASE NO. 99-7379-CIV-MIDDLEBROOKS;*

*MANDEL, CASE NO. 99-8887-CIV-MIDDLEBROOKS;*

*MARKETING MAGIC, INC., CASE NO. 99-7375-CIV-SEITZ;*

*MARTHA A. GOTTFRIED, INC., CASE NO. 99-8815-CIV-HURLEY;*

*MIL-LAKE CORP., CASE NO. 99-8810-CIV-DIMITROLEAS;*

*N.R.M., INC., CASE NO. 99-8829-CIV-HURLEY;*

*OAK TREE MOTORS, INC., CASE NO. 99-8814-CIV-DIMITROLEAS;*

*OLYMPIA FLAME DINER, INC., CASE NO. 00-6288-CIV-FERGUSON;*

*PIONEER PEST CONTROL SERVICES, INC., CASE NO. 99-8782-CIV-MOORE;*

*PRINTER'S FAIR, INC., CASE NO. 99-8784-CIV-RYSKAMP;*

*PT, INC., CASE NO. 99-8812-CIV-RYSKAMP;*

*PUBLIC STORAGE, INC., CASE NO. 99-8884-CIV-MIDDLEBROOKS;*

*RANDOM STATIONERS CORP., CASE NO. 99-7414-CIV-MIDDLEBROOKS;*

*SAM'S CANVAS & INTERIORS, CASE NO. 00-6230-CIV-FERGUSON;*

*SARA DAVID REALTY, INC., CASE NO. 00-6254-CIV-*

*MIDDLEBROOKS;*

*SHERWIN-WILLIAMS CO., CASE NO. 99-8783-CIV-UNGARO-BENAGES;*

*SONY ELECTRONICS, INC., CASE NO. 99-7377-CIV-GOLD;*

*STEVE MOORE CHEVROLET, INC., CASE NO. 99-8748-CIV-RYSKAMP;*

*SUN INTERNATIONAL, INC., CASE NO. 99-7378-CIV-ZLOCH;*

*T.A.Y. TOOLS, INC., CASE NO. 99-7383-CIV-DMITROLEAS;*

*TANDY CORPORATION, CASE NO. 00-6567 CIV. ZLOCH;*

*TANDY CORP., CASE NO. 99-08781-CIV-DIMITROLEAS;*

*TAYLOR, CASE NO. 99-8860-CIV-HURLEY;*

*TIRE KINGDOM, INC., CASE NO. 00-8343-CIV-DIMITROLEAS;*

*TOKYO DELITE, INC., CASE NO. 00-6572 CIV. DIMITROLEAS;*

*TRINAMERICAN INSURANCE AGENCY, INC, CASE NO. 00-6281 CIV-LENARD;*

*VICTORIOUS PROPERTIES, INC., CASE NO. 99-8885-CIV-RYSKAMP;*

*WESTON ASSOCIATES, INC., CASE NO. 99-8749-CIV-MIDDLEBROOKS;*

Respectfully submitted,

Lance J. Wogalter
Lance J. Wogalter, P.A.
Florida Bar No. 932183
3712 W. Hillsboro Blvd.
Deerfield Beach, FL 33442
Tel.   (954) 592-2184
Fax    (954) 725-1303
Counsel for Plaintiffs

### Certificate of Service

I certify that I have this May 8, 2000, served a copy of the foregoing by U.S. Mail upon opposing counsel by mailing a copy, first class postage prepaid, to:

Curtis R. Cowan, Esq.
Holland & Knight LLP
One E. Broward. Blvd., Ste. 1300
PO Box 14070
Ft. Lauderdale, FL 33301