UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6234-CIV-(GRAHAM/Turnoff)

Citizens Concerned About
Disability Access, Inc., a
Florida not-for-profit
corporation,

    Plaintiff,

vs.

Richard G. Elie; Atlantic
Therapeutics, Inc.; Dr.
Clifford J. Shapiro, D.C., P.A.
d/b/a Atlantic Chiropractic
Center,

    Defendants.
_____/

### REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL REGARDING LOCAL RULE 3.9

The Defendants, ELIE, ATLANTIC THERAPEUTICS, INC. and DR. CLIFFORD J. SHAPIRO, D.C., P.A., file their Response to Defendant's Motion to Compel Regarding Local Rule 3.9 and state:

### BACKGROUND

Defendants served their Notice of Pendency of Other Actions, and Motion to Compel Plaintiff to Comply with Local Rules 3.9C and D Regarding Disclosure of Similar Cases. Plaintiff has responded by filing Plaintiff's Response to Defendant's Motion to Compel Regarding Local Rule 3.9. Plaintiff's Response to Defendant's Motion states that there are at least 67 law suits pending by the Plaintiff against various defendants. Defendant's disagree as they believe that there are at least 78



cases pending. Eleven cases are not named in the pleading filed by Plaintiff.

Plaintiff alleges in its Response that the other 67 or so law suits are not similar because they all involve different defendants and properties and, therefore, different "access" issues. However, Defendants believe that all of the suits may in fact have very similar issues relating to the Plaintiff's conduct and defenses.

## ARGUMENT

It appears from the names of the defendants in those 67 or so other cases and locations of the properties that those defendants own or lease, the following pattern emerges:

    a.    In each wave of consecutive filings, it appears that someone acting on behalf of the Plaintiff, or perhaps even at its direction, simply walked (or wheeled, or drove) down a street, took down a few names and addresses, snapped a few photographs, and then a series of law suits were consecutively filed by Plaintiff. In other words, it appears that Plaintiff would <u>target</u> an area, canvass it, and then file law suits against each property owner or tenant as he, she or it sits down the street from the adjoining property just sued in the immediate lower numbered case;

    b.    Because it appears that defendants were targeted for law suits, it also appears that the Plaintiff may not have been discriminated against, but simply has targeted property owners and tenants for law suits;

    c.    This means that whoever it was that took down names and addresses would also be the person whom the plaintiff alleges was discriminated against, and likely would have suffered this alleged discrimination or been allegedly

2

denied access, on the same date and nearly the same time in nearly every law suit consecutively filed, including the ones filed against Elie and the adjoining property owners.

Thus, because this alleged discrimination or denial of access occurred strangely enough, in adjoining properties, issues may arise in each case that no discrimination or denial of access occurred because:

a. Plaintiff may have merely targeted certain areas to bring suit rather than to patronize establishments owned or operated by various defendants in all of the law suits filed. The likelihood that the Plaintiff representative actually attempted to patronize each establishment is very remote;

b. If such targeting was used by Plaintiff to bring suit, each and every property owner and tenant had a right to discriminate and deny access to any person who intentionally sought to sue them, as the essence of denial of access or discrimination is not based on any legitimate purpose or racial or handicapped discriminatory reasons, but for the purposes of protection against unwanted or unwarranted law suits;

c. Plaintiff may have been a trespasser, as it had no right to be on the properties in the first place because it had no intent to patronize any establishment which it has sued, but merely sought to file suit period; and

d. Additionally, because very few defendants, including the defendants *sub judice*, likely did not receive a pre-suit demand, Plaintiff may have

been more motivated by attempting to obtain attorneys' fees than merely ADA access compliance.

## CONCLUSION

Because Defendants believe that their theory is supported by the sheer volume of filings, against neighboring and adjoining properties, and it is Defendants' theory that Plaintiff may have intentionally targeted the 67 or so other defendants for suit rather than sought to patronize their establishments, similar issues exist of both standing and an injury to be redressed in every law suit filed by Plaintiff. The litigiousness of the Plaintiff is apparent at this stage. The questions remain as to whether Plaintiff was entitled to bring and maintain these 67 or so suits in the first place, whether there was a real injury to be redressed; or if it was merely shopping around to sue some one rather than shopping around for goods and services. Accordingly, we believe pursuant to local Rule 3.9C, the Judges involved in all 67 or so cases should determine whether to assign all cases to the Judge with the earliest case number.

WE HEREBY CERTIFY that on this ___ day of May, 2000, a true and correct copy of the foregoing was furnished via U.S. Mail to Lance J. Wogalter, Esquire, Lance J. Wogalter, P.A., **Attorneys for Plaintiff**, 3712 West Hillsboro Boulevard, Deerfield Beach, Florida 33442.

> HOLLAND & KNIGHT LLP
> **Attorneys for Atlantic Therapeutics, Inc.; Dr. Clifford J. Shapiro, D.C., P.A. d/b/a Atlantic Chiropractic Center**
> One East Broward Boulevard, Suite 1300
> PO Box 14070
> Fort Lauderdale, FL  33301
> (954) 525-1000
> (954) 463-2030 – Fax
> ccowan@hklaw.com
>
> By: _____
> Curtis R. Cowan, For the Firm
> Florida Bar No. 500460

59771-2
FTL1 #489019 v1