```
        UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF FLORIDA
           FORT LAUDERDALE DIVISION
      Case No.: 00-6234-CIV-GRAHAM/TURNOFF
```

CITIZENS CONCERNED ABOUT
DISABILITY ACCESS, INC.,

    Plaintiff,

vs.

RICHARD G. ELIE, ATLANTIC
THERAPEUTICS, INC., DR.
CLIFFORD J. SHAPIRO, D.C., P.A.,
d/b/a ATLANTIC CHIROPRACTIC CENTER,

    Defendant.
_____/



## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** came before the Court on Defendants' Motion to Dismiss or for a More Definite Statement (D.E. #6).

### I. BACKGROUND

Plaintiff, Citizens Concerned About Disability Access, Inc., is an organization that represents disabled persons. Plaintiff filed this action against Defendants under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq.* The organization alleges that Defendants maintain a business with architectural barriers that prevent disabled persons from fully accessing the business' facilities.

Defendants have filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted. Defendants argue that Plaintiff's claims fail for three reasons. First, Defendants contend that Plaintiff does not allege sufficient

facts to establish representational standing because, *inter alia*, the Complaint does not name any particular disabled person who has been unable to access Defendants' facilities because of architectural barriers. Second, Defendants argue that the Court should dismiss the Complaint because Plaintiff did not specify when the alleged discrimination occurred. Third, according to Defendants, the Complaint does not set out the reasons why disabled individuals were denied access to Defendants' business. Defendants also contend that if the Court does not dismiss the Complaint, then it should require Plaintiff to file a more definite statement of its claims.

After reviewing the parties' arguments, the relevant case law and the record as a whole, the Court finds that Plaintiff has adequately pleaded its claims as the Federal Rules of Civil Procedure require. Accordingly, the Court denies Defendants' Motion to Dismiss the Complaint or for a More Definite Statement.

## II. DISCUSSION

### A. Legal Standard.

It is well-settled that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). In ruling on a motion to dismiss, a federal court must view the claim in the light most favorable to the non-moving party

and take its allegations as true. *See* <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). Under FED. R. CIV. P. 12(b)(6), the threshold necessary to survive a motion to dismiss for failure to state a claim is a relatively low one. *See* <u>Ancata v. Prison Health Services, Inc.</u>, 769 F.2d 700, 702-03 (11th Cir. 1985). A dismissal with prejudice is appropriate only if it is "beyond doubt" that the party can prove no set of facts entitling him to relief. *See* <u>Wetzel v. Hoffman</u>, 928 F.2d 376, 377 (11th Cir. 1991). The issue is not whether the plaintiff will ultimately prevail but "whether the claimant is entitled to offer evidence to support the claims." <u>Little v. City of North Miami</u>, 805 F.2d 962, 965 (11th Cir. 1986).

    **B.   The Complaint properly sets out Plaintiff's claims and therefore is not subject to dismissal.**

Plaintiff is an organization that brings this action on behalf of its members. Defendants move to dismiss the case for failure to state a claim upon which relief can be granted.

The Federal Rules of Civil Procedure require that a plaintiff draft a complaint in a manner that puts the defendant on notice of the claims against it. *See* FED. R. CIV. P. 8. In the Complaint, Plaintiff alleges that it is an organization that represents disabled persons and that Defendants injure members of the organization by failing to make premises accessible to the disabled. Plaintiff sets out -- in fair detail -- the architectural barriers that it believes violate the ADA.

Defendants first argue that these allegations are insufficient to establish representational standing because Plaintiff failed to name the particular individual on whose behalf it filed the lawsuit. In order to establish representational standing, a plaintiff organization must allege that: (1) its members suffered an actual injury for which they would otherwise have standing to sue in their own right; (2) the interests the association seeks to protect are germane to its purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. See Hunt v. Washington Apple Advertising Comm'n, 432 U.S. 333, 343 (1977); Doe v. Stincer, 175 F.3d 879 (11th Cir. 1999). Although the organization must allege that at least one of its members suffered an injury or threatened injury, it is unnecessary that the association name the particular member on whose behalf it sues. See Doe v. Stincer, 175 F.3d 879 (11th Cir. 1999). Accordingly, the Defendants' argument that Plaintiff's allegations are insufficient to establish representational standing because Plaintiff failed to name the particular individual on whose behalf it sues is without merit.

Also without merit is Defendants' argument that the action fails because Plaintiff did not state a particular date on which any discrimination occurred. In the Complaint, Plaintiff claims that as of the date of the filing of the Complaint, Defendants had not removed architectural barriers. The Court has found no

authority requiring a more detailed statement in this type of case as to the dates on which alleged discrimination occurred.

Further, Defendants' argument that the Court should dismiss the case because Plaintiff did not explain the reasons why disabled individuals were denied access to Defendants' business is unconvincing. In the Complaint, Plaintiff clearly states that the reason it sues Defendants is because their premises do not comply with the ADA's requirements.

Defendants have not shown that Plaintiff's Complaint fails to comply with the Federal Rules' pleading requirements. Therefore, the Court will not dismiss the Complaint. In addition, the Court does not find, as Defendants argue, that Plaintiff's claims are vague or ambiguous. Accordingly, the Court will not direct Plaintiff to file a more definite statement.

### III. CONCLUSION

For the reasons set forth above, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss or for a More Definite Statement is hereby DENIED. Defendants shall file an Answer to the Complaint within 12 days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of May 2000.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Lance Wogalter, Esquire
    Curtis Cowan, Esquire