UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6234-CIV-(GRAHAM/Turnoff)

NIGHT BOX
FILED

MAY 30 '00

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

Citizens Concerned About
Disability Access, Inc., a
Florida not-for-profit
corporation,

    Plaintiff,

vs.

Richard G. Elie; Atlantic
Therapeutics, Inc.; Dr.
Clifford J. Shapiro, D.C., P.A.
d/b/a Atlantic Chiropractic
Center,

    Defendants.
_____/

### DR. CLIFFORD J. SHAPIRO, D.C., P.A.'S
### ANSWER, AFFIRMATIVE DEFENSES

DR. CLIFFORD J. SHAPIRO, D.C., P.A., by and through undersigned counsel, files its Answer and Affirmative Defenses, and states:

#### ANSWER

#### GENERAL ALLEGATIONS

1. Paragraph 1 of the Complaint is a compound allegation and therefore it is:

    a. Denied that CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC. is a Florida not-for-profit corporation;

    b. Admitted that CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC. sues the Defendants RICHARD ELIE ("ELIE"), ATLANTIC

THERAPEUTICS, INC. ("THERAPEUTICS") and DR. CLIFFORD J. SHAPIRO, D.C., P.A. ("CHIROPRACTOR");

    c.    Denied that this law suit is for injunctive relief and declaratory judgment; and

    d.    Admitted that this lawsuit is a suit claiming attorney's fees and costs pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. §12181, et seq.

2.    Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 14, 16, 17 of the Complaint are legal conclusions and therefore are not factual allegations, so they are denied.

3.    Paragraph 10 cannot be admitted or denied in whole but in part, as below it is a numeral marked 1. Accordingly, Paragraph 10 on Page 3 of the Complaint is admitted as to its first sentence. The sub-paragraph indented below it marked numeral 1 is denied.

4.    Paragraph 11 is denied and this Defendant avers that he never received any such written notification.

5.    Paragraphs 12, 13, and 15 of the Complaint are denied insofar as they attempt to allege facts or factual conclusions.

## THE PARTIES AND STANDING

6.    Paragraph 18 of the Complaint is denied in its totality.

7.    Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 of the Complaint are denied.

8.    Paragraph 29 of the Complaint is denied as it constitutes a legal

conclusion and to the extent that it attempts to allege facts or factual conclusions, it is also denied.

9. Paragraph 30 of the Complaint is admitted to the extent that THERAPEUTICS leases the property and it is denied to the extent that Paragraph 30 alleges a legal conclusion.

10. Paragraph 31 is denied as it constitutes a legal conclusion rather than a factual assertion.

### OTHER FACTS RELATED TO THE INSTANT CLAIM, JURISDICTION, THE PARTIES AND STANDING

11. Paragraph 32 of the Complaint is admitted insofar as SHAPIRO leases the property.

12. Paragraph 33 of the Complaint is admitted insofar as the property has a parking lot, handicapped parking, and an accessibility route.

13. Paragraphs 34, 35, 36, and 37 of the Complaint are denied as they constitute legal conclusions, and to the extent that they allege factual matters, they are denied.

14. Paragraph 38 is denied. It is averred by THERAPEUTICS that Plaintiff is owned and operated as a for-profit enterprise by counsel for the Plaintiff. Accordingly, Plaintiff is not entitled to recover any attorney's fees in this or any other action.

15. Paragraphs 39, 40, 41, 43, 44, 45, 46, 47, 50, 53, 57, and 58, are denied in their totality.

16. Paragraphs 42, 48, 49, 54, 55, 56 are denied as they constitute legal conclusions rather than factual allegations.

17. Paragraphs 51 and 52 are admitted only to the extent that it alleges that the property constitutes a place of public accommodation because it contains service establishments, but it is denied insofar as such establishments affect commerce as this is a legal conclusion not a factual assertion.

## COUNT I

18. In answer to Paragraph 59 of the Complaint, the preceding Paragraphs 1 through 17 of this answer are reaverred.

19. Paragraph 59 a of the Complaint is denied in its totality.

20. To the extent that Paragraphs 59 b through i on pages 12 through 14 of the Complaint are applicable to CHIROPRACTOR, they are denied in that they assert legal conclusions, and are denied insofar as they allege factual allegations.

## COUNT II

21. In answer to Paragraph 60 of the Complaint, the preceding Paragraphs 1 through 17 of this answer are reaverred.

22. Paragraph 60 a of the Complaint is denied in its totality.

23. To the extent that Paragraphs 60 b through i on pages 15 through 18 of the Complaint are applicable to CHIROPRACTOR, they are denied insofar as they assert legal conclusions, and are denied insofar as they allege factual allegations.

## COUNT III

24. In answer to Paragraph 61 of the Complaint, the preceding Paragraphs

1 through 17 of this answer are reaverred.

25. Paragraph 61 a of the Complaint is denied in its totality.

26. Paragraphs 61 b through i on pages 18 through 21 of the Complaint are denied as they assert legal conclusions and are denied insofar as they allege factual allegations.

## PRAYER FOR RELIEF

27. Paragraphs 62 a through 62 d are denied insofar as Plaintiff is not entitled to either declaratory or injunctive relief.

## AFFIRMATIVE DEFENSES

ALTERNATIVE ACCOMMODATIONS To the extent that Defendants might even be accused of denying access to the disabled, each and every defendant provides and has always provided alternative accommodations to their patients or clients; and Plaintiff was fully aware of this fact.

CHANGES ARE NOT READILY ACHIEVABLE Any other "architectural barriers" alleged or intimated in the complaint are not readily achievable. The property in question is forty (40) years old and predates the Americans With Disabilities Act.

UNCLEAN HANDS Plaintiff is guilty of unclean hands.

LACK OF STANDING Plaintiff lacks standing to bring suit.

LACK OF REAL CASE OR CONTROVERSY There is no real case or controversy within the meaning of Article III of the United States Constitution.

LACK OF JURISDICTION Because there is no real case or controversy within the meaning of Article III of the United States Constitution, there is no jurisdiction.

MOOTNESS The case is moot.

LACHES Plaintiff is guilty of Laches.

ESTOPPEL Plaintiff is guilty of estoppel.

SET-OFF Defendant is entitled to a set-off against the Plaintiff for damages sustained by wrongful conduct by the Plaintiff.

RECOUPMENT Defendant is entitled to recoupment against the Plaintiff for damages sustained by wrongful conduct by the Plaintiff.

TRESPASS Plaintiff was not on Defendants' premises to attempt to obtain goods or services within commerce, but was on Defendants' premises for the sole purposes of bringing this law suit. Therefore, the purpose for which the alleged access was attempted, was solely for the purpose of obtaining attorney's fees pursuant to a grand for-profit scheme.

FAILURE OF CONDITION PRECEDENT As a condition precedent to entering the Defendants' premises, Plaintiff's members were required to call and make an appointment with the Defendants before they were permitted access to the establishments in question, or to make alternative accommodations available. Plaintiff failed to meet its condition precedent, and those conditions precedent were not waived. Plaintiff failed to make an appointment and advise the Defendants that they needed special disability accommodations, assuming that any such accommodations were necessary in the first place.

FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED Plaintiff failed to state a cause of action upon which relief may be granted.

<u>FAILURE TO COMPLY WITH RULE 8</u> Plaintiff's claim is not a clear and concise statement of the facts entitling the pleader to relief, but a complex and prolix thesis mixing factual allegations with legal conclusions.

<u>JURY TRIAL DEMANDED</u>

A jury trial is demanded on all of Plaintiff's claims and Defendant's defenses, and on all issues that are so triable by right.

WHEREFORE, the Defendant prays that this Court dismiss the Complaint and award attorney's fees and costs to the Defendants.

WE HEREBY CERTIFY that on this 30 day of May, 2000, a true and correct copy of the foregoing was furnished via U.S. Mail to Lance J. Wogalter, Esquire, Lance J. Wogalter, P.A., **Attorneys for Plaintiff**, 3712 West Hillsboro Boulevard, Deerfield Beach, Florida 33442.

HOLLAND & KNIGHT LLP
**Attorneys for Atlantic Therapeutics, Inc.; Dr. Clifford J. Shapiro, D.C., P.A. d/b/a Atlantic Chiropractic Center**
One East Broward Boulevard, Suite 1300
PO Box 14070
Fort Lauderdale, FL 33301
(954) 525-1000
(954) 463-2030 – Fax
ccowan@hklaw.com

By: _____
Curtis R. Cowan, For the Firm
Florida Bar No. 500460

59771-2
FTL1 #491511 v1